UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:23-cv-01261-RLY-CSW |
| ) | |
| UPPERLINE HEALTH, INC. d/b/a ) | |
| UPPERLINE HEALTH INDIANA, ) | |
| ) | |
| Defendant. ) | |

### ORDER ON DEFENDANT'S MOTION TO STRIKE

Now before the Court is Defendant Upperline Health, Inc. d/b/a Upperline Health Indiana's ("Upperline") *Motion to Strike Plaintiff's Response to Notice of Supplemental Authority*. (Dkt. 50). Upperline argues that Plaintiff Doe's *Response to Defendant's Notice of Supplemental Authority*, Dkt. 47, serves only as an improper surreply to its Motion to Dismiss. (*Id.*). Notices of supplemental authority are appropriate in this district "due to the ever-changing landscape of potentially relevant cases." *Schroeder v. Progressive Paloverde Ins. Co.*, No. 1-22-CV-00946-JMS-MKK, 2024 WL 308330, at *1 (S.D. Ind. Jan. 26, 2024).

Due to the "ever-changing landscape" of the law, parties are permitted to direct the Court to potentially helpful authority which arises after briefing has concluded. *Carroll v. BMW of North America, LLC*, 553 F.Supp.3d 588, 605 (S.D. Ind. 2021). However, "the Court is [also] capable of finding and applying relevant caselaw to the matters before it." *Id.* Any supplemental authorities provided after motion briefing has concluded are just that: supplemental. Briefing on Upperline's Motion to Dismiss concluded on November 30, 2023, and since then, both parties have filed Notices of Supplemental Authority and Responses. (Dkts. 35, 36, 37, 40).

In the interest of fairness and justice, the Court **DENIES** Upperline's *Motion to Strike*. (Dkt. 50). To the extent Upperline seeks to file a reply, its motion is

**DENIED**.  The Court does not require any further briefing.

    **SO ORDERED**.

Date: May 21, 2024

Crystal S. Wildeman
United States Magistrate Judge
Southern District of Indiana

**Distributed electronically to ECF registered counsel of record.**